IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CR-0163-001-CVE |
| v. ) | |
| ) | |
| FREDDIE ALLEN HAYES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to correct sentence (Dkt. # 37). Defendant argues that the Bureau of Prisons has refused to give him credit towards his federal sentence for the time he previously served in the custody of the State of Oklahoma, since September 3, 2013. He asserts that the Court has authority pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), to order the Bureau of Prisons to credit him for time served as requested.

On June 18, 2013, defendant was arrested on unrelated offenses charged in Tulsa County District Court Cases CF-2013-2721 and CF-2013-3078, for which he was convicted and sentenced on March 16, 2015, to concurrent five-year custodial sentences with the State of Oklahoma Department of Corrections. On August 3, 2015, defendant was sentenced to a five-year term of imprisonment in the instant case following his plea of guilty to a single count indictment charging felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court ordered that the sentence run concurrently with the undischarged terms of imprisonment in the aforementioned Tulsa County cases pursuant to 18 U.S.C. 3584(a). Defendant had appeared for sentencing on a Writ of Habeas Corpus Ad Prosequendum from the State of Oklahoma in the Tulsa County cases. As the State of Oklahoma had primary jurisdiction, defendant was returned to

state custody to serve his state imprisonment terms. Defendant discharged from state custody on June 14, 2016, and was erroneously released to the community, despite a federal detainer in the instant case. Defendant self surrendered to the Unites States Marshals Service on June 22, 2016, for service of his remaining federal sentence. He has a projected release date from the custody of the Bureau of Prisons of March 15, 2018.

It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the Bureau of Prisons (BOP), which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280 (10th Cir. 2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994)). After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a). The BOP has developed detailed procedures and guidelines for determining the credit available to prisoners and prisoners are afforded administrative review of the computation of their credits. A defendant must raise the issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to 28 U.S.C. § 2241. Jenkins, 38 F.3d at 1144. (10th Cir. 1994).

According to the BOP Designation and Computation Center, defendant has begun the administrative remedy process, but has failed to follow appropriate procedures. Therefore, the defendant's motion to correct sentence to award jail credits (Dkt. # 37) must be **denied**. However, the Court notes that, although defendant received a sixty-month sentence, the projected date of completion of his sentence is March 15, 2018, which is only thirty-one months, twelve days from the original sentencing date of August 3, 2015. Further, the Court has reviewed defendant's sentencing computation by the BOP and finds that he was given credit from the date of his arrest for

the unrelated state charges on June 18, 2013, through March 15, 2015, the date he was sentenced in both unrelated state cases[1]. As the Court ordered that the instant sentence run concurrently with defendant's state sentences, defendant has also been receiving credit for time served since the date of sentencing in the instant case, August 3, 2015, in accordance with 18 U.S.C. § 3585(a), to include the period of time between June 14, 2016, when he was erroneously released from imprisonment by the State of Oklahoma, until June 22, 2016, when he self surrendered, as the BOP concluded the release error was not the fault of the defendant and did not stop the computation.

This Court has no authority to award sentencing credit at sentencing or later order application of jail credits toward a sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to correct sentence (Dkt. # 37) is **denied**.

**IT IS SO ORDERED** this 30th day of August, 2016.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Although this Court is without authority to award jail credits, review of the record reflects that defendant is not entitled to jail credits for the approximate 4.5-month period between the date of sentencing of March 16, 2015, in the unrelated state cases, Tulsa County District Court Cases CF-2013-2721 and CF-2013-3078, and the date of sentencing in the instant federal case, August 3, 2015, because the sentences imposed in the state cases were fully credited to those cases. Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (noting that a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in § 3585(b) against double crediting").